CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 17 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLAUDE GENE SLOAN,<br>Petitioner, | Civil Action No. 7:06CV00385 |
| v. | MEMORANDUM OPINION |
| GENE JOHNSON,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Claude Gene Sloan, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sloan asserts three claims regarding alleged errors in the state post-conviction proceedings arising from his petition for writ of actual innocence. For the following reasons, Sloan's petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.*

## BACKGROUND

On February 4, 2000, Sloan was convicted of two counts of arson, three counts of conspiracy to commit arson, and one count of obstruction of justice in the Circuit Court of Scott County. Sloan was subsequently sentenced to a total term of imprisonment of twenty-seven years. Sloan appealed his convictions to the Court of Appeals of Virginia. On April 10, 2001, Sloan's convictions were affirmed.

In March of 2005, Sloan filed a petition for writ of actual innocence in the Court of Appeals of Virginia. On October 31, 2005, the petition was dismissed. Sloan appealed the dismissal of the petition to the Supreme Court of Virginia. By order entered March 27, 2006, the petition for appeal was refused.

---

*Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

Sloan executed the instant petition on June 21, 2006. The petition raises the following claims:

(1) The Court of Appeals of Virginia erred by not holding a hearing on Sloan's petition for writ of actual innocence;

(2) The Supreme Court of Virginia erred by not holding a hearing on Sloan's appeal of the dismissal of his petition for writ of actual innocence; and

(3) The Court of Appeals and the Supreme Court violated his due process rights by not remanding the petition to the Circuit Court for an evidentiary hearing.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In the instant petition, Sloan solely challenges alleged deficiencies in the state post-conviction proceedings associated with his petition for writ of actual innocence. Because Sloan is not currently detained as a result of those proceedings, the alleged deficiencies in the manner in which the Court of Appeals or the Supreme Court of Virginia considered his petition are not cognizable on federal habeas review. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (holding that Wright's challenge to state habeas corpus proceedings could not provide a basis for federal habeas relief, since Wright was not currently detained as a result of a decision by the Supreme Court of Virginia in the state habeas action). It is well established that "[c]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Since Sloan has only

raised claims of this nature, his petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 17th day of July, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge